[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff owner of property located on the Boston Post road in the city of Milford is seeking a writ of mandamus against the board of sewer commissioners and each defendant-commissioner to approve the application of said property located at 952 Boston Post Road in Milford. There appears to be no remedy of appeal and the only solution to the problem lies in the writ of mandamus.
Prior to January of 1995, the plaintiff was the owner of property which was of larger area than the property in question. The size of the larger segment of property did not comply with the sewer requirements. The plaintiff discovered that a subdivision of this property would allow sewers. The sewer commission policy allows the flow of 1500 gallons per acre. The 952 Boston Post Road was an approved subdivision by the Zoning Board of the city of Milford. This approval was granted prior to the sewer commission's denial.
After receiving approval of the subdivision the plaintiff applied for a sewer connection on the highway adjoining said property. In order to meet the sewer commission standards of sewage flow, the plaintiff would be allowed 1500 gallons per acre. The approved building lot is 0.51 acres which would allow a flow of 754 gallons. The proposed flow is 587 gallons, well below the standard of the sewer commission. On March 2, 1995 the sewer commission held a hearing on the application and denied said application. CT Page 10871
The facts appear to state clearly that the plaintiff's application was in compliance with the sewer commission's policy. Upon hearing, the commission's primary reason for said denial was that the original parcel was not in compliance with the sewer commission. They were not given notification at the time of the zoning change by the zoning board as is generally required. This faux pas was the result of the negligence of the zoning board, not of the applicant. They had a full hearing with proper advertisement of the proposed subdivision and granted the approval for this change.
The sewer commission indicates that they would have no objection to a septic tank. This court upon surveillance of the property cannot comprehend this acceptance on such small acreage. The property is 0.51 acres and the testimony indicated it was comprised of a ledge that would defeat the purpose of proper drainage. Further testimony by the sewer commission indicated that the flow would be improper because of its abundance. The court cannot comprehend this argument as the plaintiff has met the criteria promulgated by the sewer commission. The plaintiff acted in good faith by seeking the correct procedure to allow the use of the sewers. The sewer commission complained that an abundance of rain could cause an overflow of the present sewage system. However, the court in viewing the surrounding properties seems to indicate that this would occur even with the connection allowed the plaintiff. This testimony indicates a disaster of hurricanes or excessive rainfall would create a safety hazard. Again, the court fails to comprehend this argument as the standard is being formulated not for normal use but for disastrous use. Yet, the other properties do not seem to have this deterrent. The commission offered their regulations to substantiate their denial. In reading the regulations the court finds that it defines residential housing. This is a commercial piece of property with limited use of the system and in no way can be construed as residential. Therefore, the court feels that the zoning board in granting the application and in failing to have the sewer commission present by their neglect and the plaintiff appears to have complied with the commission's gallon allotage the writ of mandamus may issue.
Philip E. Mancini, Jr. State Trial Referee CT Page 10872